## COMMONWEALTH *vs.* JAMES SULLIVAN.

The record of a complaint tried before a justice of the peace and of the defendant's appeal from his judgment to a term of the court of common pleas, which is in fact the next term having criminal jurisdiction, need not state that fact, nor that the defendant entered into a recognizance to prosecute his appeal.

COMPLAINT on *St.* 1855, *c.* 215, § 24, for keeping intoxicating liquor with intent to sell. The defendant was convicted and sentenced by a justice of the peace, on the 4th of April 1857. The record of the justice, after stating the conviction and sentence of the defendant, concluded as follows : " From which sentence he claims an appeal to the court of common pleas at Worcester on the second Monday of May next."

The defendant, being tried in the court of common pleas and found guilty, moved in arrest of judgment, because the record of the justice did not show that the appeal was taken to the court of common pleas, next to be holden within the county, having criminal jurisdiction ; nor that the defendant entered into a recognizance to prosecute his appeal. *Sanger,* J. overruled the motion, and the defendant alleged exceptions.

*G. F. Verry,* for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

SHAW, C. J. The statutes establishing the times and places of holding courts of record are general laws, of which judicial notice is taken, without their being pleaded. And by a reference to those statutes, it appears that the court of common pleas at Worcester on the second Monday of May was the next criminal term of that court after the appeal. *St.* 1855, *c.* 214.

It does not distinctly appear whether the defendant did recognize to prosecute his appeal or not; but that is immaterial. A recognizance is mere collateral security for his appearance ; and he is equally bound to appear whether he entered into a recognizance or not. If a person takes an appeal, and thereby obtains a suspension of his sentence, (though he could not object to the passing of sentence, without entering into a recognizance,) he cannot object to his own omission, after his appeal has been allowed. *Exceptions overruled.*